IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CRISPIN COMPANY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. CIV-05-159-C |
| ) | |
| PETROTUB-S.A., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Pending before the Court are Plaintiff The Crispin Company's motions for summary judgment and to compel and Defendant Petrotub-S.A.'s motion to strike those motions. Crispin has filed a response to the latter, which is now at issue and the subject of this order.

### BACKGROUND

This action consists of Crispin's claims against Petrotub for indemnity and breach of contract based on damage caused by Petrotub's allegedly defective couplings. Those claims were originally asserted as third-party claims in two separate state court suits by Ward Petroleum Corporation and Pride Energy Company, respectively, against Crispin and Hager Brothers Pipe, Inc. The Ward and Pride cases were removed to this Court in 2003. Following removal, discovery was conducted. In August 2004, the Ward case settled. The parties agreed that Crispin's third-party claims for indemnity and breach of contract would continue to be asserted in the Pride case. The claims here were then severed from the Pride case and transferred to this case, which was administratively closed. The case was reopened in January 2006. Petrotub then filed its motions in April. To date, no scheduling conference has been conducted.

**DISCUSSION**

Petrotub complains that Crispin's motions are procedurally premature because the parties have not made initial disclosures, conferred regarding discovery, or participated in a scheduling conference. According to Petrotub, the discovery conducted in the Ward and Pride suits was not exhaustive as to the claims here because the parties were acting under a joint defense agreement. (Pl.'s Mot. at 2.) In response, Crispin contends that there was a Rule 26(f) conference in the Ward and Pride cases and another would be unnecessarily repetitive. Moreover, Crispin states that counsel did "meet and confer" regarding the subpoena Crispin issued to Petrotub's counsel for billing records before filing its motion to compel and that the parties participated in a formal Rule 26(f) conference on April 19, after Petrotub filed its motion to strike. It also appears that Petrotub has now served its initial disclosures, which it describes as "not substantively different from those it served in the *Ward* and *Pride* cases." (Pl.'s Resp. at 5.)

With respect to the motion to compel, Petrotub is correct that Federal Rule of Civil Procedure 26(d) prevents parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f)." However, because Crispin appears to have complied with those requirements, Petrotub's complaint is now moot. The motion to compel will not be stricken. Petrotub will have ten days from the date of this order to respond to that motion.

With respect to the motion for summary judgment, Petrotub's blanket assertion that it "has not had an opportunity to discover information that is essential to its defense against Crispin in this proceeding" (Def.'s Mot. at 2) is insufficient. That statement does not satisfy the requirements of Rule 56(f), which allow a party opposing summary judgment to seek additional

time to complete necessary discovery. Although the Court appreciates that under these circumstances there may be legitimate reasons to delay a decision on summary judgment, Petrotub, at a minimum, must identify specific and essential facts not known or discovered in the Ward and Pride cases that prevent its opposition. Delay simply for the sake of conducting a scheduling conference to establish a time-table for discovery that may, if Crispin is correct, be entirely unnecessary is not such a reason. Therefore, the motion to strike is denied for lack of support. Petrotub will have eighteen days from the date of this order to file its response

### CONCLUSION

Accordingly, Defendant Petrotub-S.A.'s Motion to Strike The Crispin Company's Motion for Summary Judgment, and to Strike Crispin's Motion to Compel Compliance with the Subpoena it Served on Petrotub's Counsel (Dkt. No. 22) is STRICKEN as moot with respect to the motion to compel and DENIED with respect to the motion for summary judgment. Petrotub is INSTRUCTED to respond to the motion to compel within ten days and to the motion for summary within eighteen days.

IT IS SO ORDERED this 12th day of May, 2006.

ROBIN J. CAUTHRON
United States District Judge