IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CRISPIN COMPANY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. CIV-05-159-C |
| | ) |
| PETROTUB-S.A., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's motion to compel the billing records of Defendant Petrotub's legal counsel in two prior lawsuits. Those lawsuits involved allegedly defective steel oil well casings and couplings, manufactured by Petrotub and resold by Crispin. Before those cases settled, Plaintiff and Defendant had operated under a joint defense agreement. In this action Plaintiff asserts claims, related to those suits, against Petrotub for indemnification and breach of contract. In addition to other damages, Plaintiff is attempting to recover *its* attorney fees from the prior suits. Petrotub's counsel has objected to the subpoena and refused to produce the responsive records. The present motion was followed by a response from Petrotub and Plaintiff's reply.

In attempting to secure the law firm billing records, Plaintiff argues that: (1) they are relevant to the reasonableness of the legal fees and expenses it incurred, and which it seeks to recover; (2) the records are not privileged because the parties had a joint defense agreement; (3) as billing records, they likely reveal few, if any, confidential communications; and (4) Petrotub may not assert a blanket claim of privilege but has the burden of establishing

its applicability. In response, Petrotub argues that: (1) the records are not relevant because it shouldered the bulk of the defense in the prior suits and bore the risk of liability and any marginal relevance is outweighed by the unfair prejudice Petrotub would suffer if the records were disclosed; (2) that it is Plaintiff's burden to establish that its fees and expenses were reasonable and necessary; and (3) certain entries in those records reveal privileged information.

Federal Rule of Civil Procedure 26 permits "[p]arties [to] obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Opposing counsel's billing records may be useful in evaluating the reasonableness of the prevailing party's fee request, particularly because they may reveal litigation maneuvering or indicate that "the case was sufficiently complex and serious to warrant the expenditure of large amounts of attorney time." Robinson v. City of Edmond, 160 F.3d 1275, 1284 (10th Cir. 1998). This case is, thus, atypical because the parties shared a defense in earlier lawsuits. Nevertheless, the Court agrees that Petrotub's legal fees and expenses are relevant to the reasonableness and necessity of Plaintiff's fees precisely *because* they were working together. The tasks performed by Petrotub's counsel and the fees incurred bear directly on the issue of whether any or all of Plaintiff's fees were necessary or reasonable.[*] Consideration of those records in no way obviates Plaintiff's burden to establish

---

[*] Petrotub's concern that, because Petrotub was primarily responsible for the defense in those suits, the amount of its fees will mislead the Court into accepting Plaintiff's fees, which presumably are significantly less, as facially reasonable, is unfounded.

that it is entitled to recover its fees and that the fees it seeks to recover were reasonable and necessary.

The next question is whether the billing records, though relevant, contain confidential communications protected by the attorney-client privilege. The Court joins the parties in recognizing that attorney records are not granted blanket protection under the attorney-client privilege. (See Def.'s Resp. at 8.) Although specific entries may contain confidential communications, the party asserting the privilege must establish that the privilege applies to avoid production of the records. FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1276 n.6 (10th Cir. 1998). In this case, Petrotub asserts that the records contain certain confidential communications and asks that it be allowed to produce a redacted version if the Court compels disclosure.

However, the thornier issue, and one not adequately addressed by either party, is whether Petrotub can assert a privilege, as against Plaintiff, at all. The joint defense privilege is an extension of the attorney-client privilege and protects communications between an entity and an attorney for another "when the communications are 'part of an on-going and joint effort to set up a common defense strategy.'" United States v. Bay State Ambulance & Hosp. Rental Serv. Inc., 874 F.2d 20, 28 (1st Cir. 1989).

> With respect to the common interest or defense, the parties and their respective attorneys pool information in order to maximize efficiency, and in large multi-defendant cases, minimize costs. The basis of the privilege is unity–unity of interest and unity of defense of that interest. Technically, there may be as many attorneys as there are parties, but with respect to the issues that brought them all together, the "allied lawyers" are acting as one counsel

> or, put another way, the attorney for one client becomes the attorney for all on the common issues.

Secs. Investor Protection Corp. v. Stratton Oakmont, Inc., 213 B.R. 433, 438-39 (Bankr. S.D.N.Y. 1997) (citations omitted). The Tenth Circuit has explained that to establish a joint-defense privilege (or "common interest rule"), the claimant must demonstrate (1) that the documents were made in the course of a joint-defense effort and (2) that they were designed to further that effort. In re Qwest Commc'ns. Int'l. Inc., 450 F.3d 1179, 1195 (10th Cir. 2006); Grand Jury Proceedings v. United States, 156 F.3d 1038, 1142-43 (10th Cir. 1998); but see also Gilson v. Oklahoma, 2000 OK CR 14, ¶ 71, 8 P.3d 883, 908 ("The parameters of a joint defense agreement or a joint defense privilege have not been determined in this state . . . ."). Courts addressing the issue have held that the joint defense privilege is waived when one of the joint defendants becomes an adverse party in litigation. Secs. Investor Protection Corp., 213 B.R. at 439; Ageloff v. Noranda, Inc., 936 F. Supp. 72, 76 (D.R.I. 1996) (describing the law on this point as "well-settled").

Although there is no apparent dispute that Plaintiff and Petrotub entered into a valid joint defense agreement, it is not clear that whatever joint defense privilege has been waived by the fact that they are adversaries in this action would cover all communications that might be revealed in the billing records. Presumably, Petrotub is asserting a privilege based on information it revealed to its own attorneys (rather than to counsel for Plaintiff, for instance). In addition, that information need not have been revealed in furtherance of the joint defense. Therefore, the Court agrees that Petrotub should be permitted to redact information that

reveals confidential communications between itself and counsel that was not shared with Plaintiff (or its counsel) in the course of their joint defense in the prior suits

Accordingly, The Crispin Company's Motion to Compel Compliance with Subpoena Served on Fellers, Snider, Blankenship, Bailey & Tippens, P.C. (Dkt. No. 16) is GRANTED. Plaintiff shall be provided a redacted version of the legal billing records for Petrotub's representation in the prior lawsuits no later than Friday, September 8, 2006.

IT IS SO ORDERED this 24th day of August, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge